RECEIVED
MAY 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kenneth D Guthery, | ) | |
| | ) | Case No: 1:06cv00176 EGS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES (Government), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S SUR-REPLY TO DEFENDANT'S
## REPLY IN SUPPORT OF MOTION TO DISMISS

Based upon "recent Supreme Court jurisprudence" See: Turner v. United States, _ F. Supp.2d _, 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), (sic) Plaintiff(s) file this sur-reply.

Counsel's motion remains a substantive and procedural nullity, frivolous on its face, interposed for the sole purpose of delaying this litigation and counsel is obstructing the perpetuation of testimony before this court[1].

Counsel's attempt to avoid subject matter and personal jurisdiction by misrepresenting and/or prematurely asserting that service was improper and that plaintiff(s) have not exhausted administrative remedies remains unwarranted by existing law, and fails

---

[1] Default was entered in favor of plaintiff 05/01/2006. Thus, defendants' pleadings are moot. Also, as shown herein exhaustion of administrative remedies is a non-jurisdictional threshold fact to me decided by the jury.

to present a good faith basis for extension, modification or reversal of existing law.

## IMPROPER SERVICE - MISREPRESENTED

Plaintiff(s) assert that counsel confuses Fed.R.Civ.P. 4(c) with the Rule under which service was effected: Fed.R.Civ.P. 4(i), "SERVING THE UNITED STATES, ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES."

Notwithstanding the language of Fed.R.Civ.P. 4(c)(2), Fed.R.Civ.P. 4(i) states:

> (1) Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General...

While counsel appears to be arguing that service under Fed.R.Civ.P. 4(i)(1)(A) should require that someone other than the Plaintiff to effect service, counsel overlooks the alternative method, signified by, "or" and continuing "by sending a copy of the summons and of the complaint by registered or certified mail...".

Counsel presents no authority which prevents plaintiff(s) from certifying that plaintiff placed the summons and complaint in the mail as required by Fed.R.Civ.P. 4(i)(1)(A). Counsel also alleges that plaintiff(s) did not serve the Internal Revenue Service. This is a clear misrepresentation of this matter as the Internal Revenue Service is not named as

a party to this matter and thus plaintiff is not required to serve the Internal Revenue Service.

Counsel then seeks to "sneak in" through his/her "Memo" several other bases for dismissal that are not relevant to his/her Motion to Dismiss re: Insufficiency of Service.

### ADMINISTRATIVE REMEDIES ISSUE NONJURISDICTIONAL

This Court has recently recognized that the issue of exhaustion of the administrative remedy is nonjurisdictional. Turner v. United States, _ F. Supp.2d _, _ 2006 WL 1071852, *3-4 (D.D.C. 2006) (finding, based on Arbaugh v. Y & H Corp., 126 S.Ct. 1235, 1242 (2006), (MEMORANDUM OPINION, p.7). In so finding, the Turner Court stated, "[W]hen a threshold fact is contested, the identity of the factfinder may vary depending on whether the fact at issue relates to jurisdiction or to the merits of the claim;...disputes regarding predicate facts for the claim generally are tried to a jury."

Wherefore, plaintiff(s) request(s) that the Court strike/deny defendants' motion to dismiss.

Respectfully Submitted

Dated *May 19*, 2006

*/s/ Kenneth D Guthery*
Kenneth D Guthery
5302 Puritan Road
Tampa FL 33612

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Jennifer L. Vozne
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _____ May 19 _____, 2006

_____
Kenneth D Guthery