IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KENNETH D. GUTHERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-00176 (EGS) |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b),

to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that plaintiff failed to

properly serve the United States and the Court lacks subject matter jurisdiction over the

amended complaint.

A memorandum of points and authorities in support of this motion, declaration

of Larry T. McTaw, and a proposed order are submitted herewith.

DATE: September 18, 2006.        Respectfully submitted,

/s/ Jennifer L. Vozne_____
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Phone/Fax: (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

1911867.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

KENNETH D. GUTHERY,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        No:  1:06-cv-00176 (EGS)
                                       )
UNITED STATES,                         )
                                       )
            Defendant.                 )

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff seeks damages for alleged "wrongful

collection" of federal taxes.  Plaintiff also seeks "replevin of any and all property" and

an order "enjoining defendants' principals, officers, agents, and/or employees from

further acting in disregard of law or regulation."

QUESTIONS PRESENTED

Plaintiff attempted to serve initial process on the United States.  Should the Court

dismiss the complaint for failure to properly serve the United States?

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal

taxes from plaintiff.  Plaintiff failed to establish that he properly exhausted

administrative remedies.  Does the Court have jurisdiction to entertain a suit for

damages under these circumstances?

STATEMENT

1.  <u>Introduction & background</u>.  Plaintiff, Kenneth D. Guthery, filed a complaint

1911867.1

on January 30, 2006. After the United States moved to dismiss the action for insufficient

service of process and lack of subject matter jurisdiction, plaintiff filed an amended

complaint on September 5, 2006. (*See* PACER # 11.) According to the certificate of

service to plaintiff's amended complaint, he served a copy of the amended complaint on

undersigned counsel. (*See id.*)

    2. <u>Relief sought in the amended complaint</u>. Plaintiff alleges that agents and

employees of the Internal Revenue Service disregarded a laundry list of statutes from

the Internal Revenue Code. (Am. Compl. Counts 1-39.) Plaintiff seeks damages in the

amount of "$10,000 per disregard." (Am. Compl. Remedy Sought at 1.) Plaintiff also

seeks "replevin of any and all property" <u>1</u>/ and an injunction preventing United States

---

    <u>1</u>/ Plaintiff's replevin action is in reality an action seeking a refund of federal taxes. Because plaintiff fails to allege that he filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

    Alternatively, if the Court treats plaintiff's replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994). But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680. A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency. *See McNeil v. United States,* 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68. Plaintiff does not allege that he filed an administrative claim, thus the Court lacks subject matter jurisdiction over his replevin action.

1911867.1

employees from "further acting in disregard of law or regulation."2/  (Am. Compl.

Remedy Sought at 2 & 4.)

ARGUMENT

I

THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be

effected by any person who is not a party."  Under rule 4(i), the United States must be

served by:  (1) delivering a copy of the summons and complaint to the United States

attorney for the district in which the action is brought, or by sending a copy of the

summons and complaint by registered or certified mail addressed to the *civil process

clerk* at the office of the United States attorney; and (2) by sending a copy of the

summons and complaint by registered or certified mail to the Attorney General of the

United States at Washington, D.C.; and (3) by sending a copy of the summons and

complaint by registered or certified mail to the officer, employee and/or agency of the

United States being sued.  Fed. R. Civ. P. 4(i) (emphasis added); *Relf v. Gasch*, 511 F.2d

804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal

jurisdiction, leaving the Court with no power to compel an answer or response.  *Rabiolo

v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v.*

---

2/  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).
*See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

-3-

*Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  *See Myers v. American Dental Ass'n*, 695 F. 2d  716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Kenneth D. Guthery signed the returns of service indicating that he, himself, served the summons and complaint on the Attorney General and the United States Attorney for the District of Columbia by certified mail.  Kenneth D. Guther is, of course, a party to this action, and thus cannot properly serve the summons.  Further, plaintiff has not alleged that he served a copy of the complaint on the Internal Revenue Service.  Additionally, plaintiff's return of service does not indicate that he served the United States Attorney's Office by mailing the summons and complaint to the attention of the civil process clerk.  Finally, plaintiff does not allege that he corrected service or effected proper service of the amended complaint.  His certificate of service only indicates that he served a copy of the amended complaint on undersigned counsel.  Accordingly, plaintiff has failed to properly serve the United States, and his amended complaint must be dismissed.

1911867.1

II

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE AMENDED COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks damages. (Am. Compl. generally.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service*." 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See Holt v. Davidson*, --- F.Supp.2d ----, 2006 WL 2106961, * 3 (D.D.C. 2006) (Urbina); *McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).3/

---

3/    In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. The United States understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit, rather than a suit involving the United States. The United States respectfully asserts that this difference in parties is significant. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the long-recognized

1911867.1

Here, plaintiff makes an unsupported conclusory statement that he filed a

"Verified Administrative Claim for Damages with the Internal Revenue Service, Area 5,

Area Director, Jacksonville, 400 Bay Street, Jacksonville, FL 32202." (Am. Compl. ¶ IV.)

He did not attach a copy of the allegedly filed administrative claim. The Service's

district office in which the taxpayer resides - Jacksonville, Florida – does not have a

record of him filing an administrative claim for damages. (McTaw Decl. ¶ 4.)4/

Assuming *arguendo* plaintiff did file an administrative claim, there are still

numerous problems with his amended complaint. First, because he failed to attach a

copy of the claim, it is unclear as to whether he included the required information.

---

> general principle that "the United States, as sovereign, 'is
> immune from suit save as it consents to be sued *** and the
> terms of its consent to be sued in any court *define that court's
> jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United
States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define
the court's jurisdiction. One of the terms of the consent under section 7433 is that the
taxpayer must have exhausted his administrative remedies. And as a term of consent to
the waiver of sovereign immunity, the requirement of administrative exhaustion is by
definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal
with the special situation of sovereign immunity because neither party to the lawsuit
was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with
statutory schemes of relief involving materially different parties. Therefore, the United
States respectfully requests that the Court consider this difference and conclude that
section 7433's exhaustion requirement is an element of the United States' waiver of
sovereign immunity, and thus an aspect of subject matter jurisdiction.

4/ The Court may consider matters outside the pleading without converting the
matter to a motion for summary judgment when deciding whether it has subject matter
jurisdiction. *C.f. McGuirl v. United States*, 360 F.Supp.2d 125, 127-28 (D.D.C. 2004) (*citing
Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001);
*Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

1911867.1

Plaintiff is required to provide the following information: (1) the grounds for the claim;

(2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the

claim, including any damages not yet incurred but that are reasonably foreseeable; and

(4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2); *c.f. Evans v. United*

*States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. § 301.7433-1 to be a

reasonable interpretation entitled to deference); *Lohmann v. United States*, 2006 WL

1826670, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006 WL 1827733, *3 (D.D.C.

2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3 (D.D.C. 2006).

Second, he did not identify the filing date.  Thus, it is unclear whether the statute

of limitations has expired.  Taxpayers seeking damages for alleged wrongful collection

of federal taxes must file an administrative claim prior to filing suit and must wait until

the earlier of a decision by the Service or six months prior to filing suit in district court.

26 C.F.R. § 301.7433-1(d).  Taxpayers must file suit within two years of when the "cause

of action accrues."  26 C.F.R. § 301.7433-1(g).  The Court may also lack jurisdiction

because the allegedly-filed administrative claim was filed more than two years from

when the "cause of action accrue[d]" or because plaintiff has not waited six months

since filing his administrative claim.

Third, the Court also lacks jurisdiction if plaintiff did not file the administrative

claim prior to filing suit.  Plaintiff cannot file suit and then exhaust administrative

remedies.  *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an

'action shall not be instituted ⋯ unless the claimant shall have first presented the claim

to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text.").

Because plaintiff failed to allege that he filed an administrative claim for damages prior to filing suit and the Service does not have record of the plaintiff filing an administrative claim, the Court should dismiss the amended complaint.

### III.

### THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT, OR MANDAMUS FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also asserts jurisdiction for his damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus.  (*See* Am. Compl. ¶¶ II.A.2.-4., C.1.-3.)  None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes.  An action brought under the APA is barred if it concerns the assessment or collection of federal taxes.  *See Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129, 131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).  Sovereign immunity is not waived merely because the action may involve a federal question.  *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  Section 1651 of Title 28 does not operate as a waiver of sovereign immunity. *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C. 1984).  Nor does 28 U.S.C. §

1911867.1

1361 operate as a waiver of sovereign immunity on its own.5/  *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases).  Thus, the Court lacks subject matter jurisdiction and the amended complaint should be dismissed.

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over his section 7433 damages claim.  Therefore, the Court should dismiss the amended complaint.

IV.

### THE COURT DOES NOT HAVE JURISDICTION UNDER THE FOIA OR THE PRIVACY ACT FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also appears to assert that the Court has jurisdiction under the Freedom of Information Act ("FOIA") and the Privacy Act.6/ The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any agency records

---

5/  Moreover, plaintiff fails to state a claim for which relief may be granted under 28 U.S.C. § 1361.  A writ of mandamus may be issued only when plaintiff can show:  (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available.  *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999).  Plaintiff clearly does not meet these requirements.  For example, plaintiff has an adequate remedy at law.  He can bring suit under 26 U.S.C. § 7433, which he has arguably pursued in this suit, to address his allegations of wrongful collection or he can bring suit under 26 U.S.C. § 7422 to address his prayer for a return of all property.  In either situation, he first needs to exhaust administrative remedies.

6/  5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

1911867.1

improperly withheld from the complainant."7/  Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency.  It does not provide a litigant with other [...] remedies against the United States."8/  Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions.

Additionally, in a FOIA action and a Privacy Act action, the only proper defendants are federal departments and agencies.9/  Accordingly, the Court lacks personal jurisdiction over the United States and the amended complaint must be dismissed.

CONCLUSION

Because plaintiff has failed to properly serve the United States and because the Court lacks jurisdiction over his amended complaint, the amended complaint should be dismissed.

_____

7/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3)(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

8/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

9/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

-11-                                    1911867.1

DATE: September 18, 2006.

Respectfully submitted,


 /s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov


OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

1911867.1

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS

AMENDED COMPLAINT, DECLARATION OF LARRY T. McTAW, supporting

MEMORANDUM, and proposed ORDER were caused to be served upon plaintiff *pro se*

on the 18th day of September, 2006, by depositing a copy in the United States' mail,

postage prepaid, addressed as follows:

        KENNETH D. GUTHERY
        *Plaintiff pro se*
        5302 Puritan Road
        Tampa, FL 33612

                /s/ Jennifer L. Vozne
                JENNIFER L. VOZNE

1911867.1