IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH D. GUTHERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-00176 (EGS) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT**

This is a civil action in which plaintiff seeks damages under 26 U.S.C. § 7433.

QUESTION PRESENTED

Plaintiff failed to properly serve the United States because a party attempted service of process and failed to exhaust his administrative remedies prior to filing his suit. The United States moved to dismiss the complaint under Fed. R. Civ. P. 12(b) prior to the Clerk's entry of default. Plaintiff filed an amended complaint after the clerk entered default, to which the United States timely filed a motion to dismiss. Should this Court vacate the entry of default against the United States?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Kenneth D. Guthery, filed a complaint on January 30, 2006. The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1998", agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a

1919979.1

laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)  On March 7, 2006, plaintiff Kenneth D. Guthery filed returns of service showing that plaintiff himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER ## 2, 3.)  As such, plaintiff's return of service establishes that service of process in this case was attempted by a party—Kenneth D. Guthery.

    2.  <u>Subsequent proceedings.</u>  The United States moved to dismiss the complaint on April 13, 2006.  (PACER # 5.)  Plaintiff filed an affidavit seeking entry of default on April 21, 2006 and filed an opposition to the United States' motion to dismiss on April 25, 2006.  (PACER ## 6, 7.)  The Clerk entered default on May 1, 2006.  (PACER # 8.)  On September 5, 2006, plaintiff filed an amended complaint with a certificate of service indicating that he only served the amended complaint on the United States by serving a copy on Jennifer L. Vozne, then-counsel for the United States.  (PACER # 11.)  On September 18, 2006, the United States filed a motion to vacate default (PACER # 12) and a motion to dismiss plaintiff's amended complaint.  (Pacer # 13).  Plaintiff now opposes the United States' motion to vacate default on the ground that the United States failed to include a verified answer to plaintiff's complaint, as required by Local Rule 7(g).  For the following reasons, plaintiff's opposition cannot prevail.

## ARGUMENT

    The entry of default against the United States was improvidently entered.  A default may be entered by the Clerk or a judge when a defendant fails to file a answer <u>or otherwise defend against the action.</u>  See <u>Capital Yacht Club v. Aviva</u>, 228 F.R.D. 389

(D.D.C. 2005).  Since the United States did timely respond to the complaint by filing a motion to dismiss under Fed. R. Civ. P. 12(b), there was no default in the first place.  Since there was no default, the entry of default was mistakenly entered, and should be vacated.  Further, the plaintiff responded, not only to the United States' initial motion to dismiss (PACER # 6, 10), but also to the United States' motion to dismiss the amended complaint. (PACER # 15).  For the plaintiff to now argue that the United States cannot move to vacate an entry of default, when there was no default to begin with, simply because it chose to file a motion to dismiss rather than file an answer – as is its right under Fed. R. Civ. P. 12(b) – is ludicrous.

## CONCLUSION

For the foregoing reasons, the Clerk's entry of default should be vacated.

DATE:  January 26, 2007.

                                          Respectfully submitted,

                                           /s/ Charles H. Keen
                                          CHARLES H. KEEN
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 227
                                          Washington, DC  20044
                                          Phone/Fax:  (202) 307-6536/514-6866
                                          Email: Charles.H.Keen@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing was caused to be served upon plaintiff *pro se* on the 26th day of January, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

        KENNETH D. GUTHERY
        *Plaintiff pro se*
        5302 Puritan Road
        Tampa, FL 33612

        /s/ Charles H. Keen
        CHARLES H. KEEN