UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH D. GUTHERY | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 06-176 (EGS) |
|  | ) | |
| UNITED STATES | ) | |
|  | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the Court are two motions to dismiss and a motion to set aside entry of default. Having considered the motions, responses and replies thereto, the Court will **DENY AS MOOT** defendant's motion to dismiss filed on April 13, 2006 and **GRANT** defendant's motion to set aside entry of default. The Court **DEFERS RULING** on defendant's motion to dismiss filed on September 18, 2006 to give plaintiff the opportunity to further respond to defendant's contention that plaintiff has failed to exhaust administrative remedies.

**I.   BACKGROUND**

Plaintiff Kenneth Guthery filed a *pro se* complaint against the United States ("the Government") on January 30, 2006, seeking damages under the Taxpayer Bill of Rights ("TBOR"), 26 U.S.C. § 7433. On April 13, 2006, the Government filed a motion to dismiss the complaint based on improper service and failure to exhaust administrative remedies. The Government's motion to

dismiss was filed two days past the deadline for the filing of an answer, and the Government did not seek leave to late file its motion.  The plaintiff requested a Clerk's entry of default on April 21, 2006 and then filed a response to the Government's motion to dismiss on April 24, 2006.  The Clerk entered default against the United States on May 1, 2006.  After the entry of default, the Government filed its reply brief and the plaintiff filed a surreply.

Plaintiff filed an amended complaint on September 5, 2006, reasserting his claims under 26 U.S.C. § 7433 and invoking numerous other statutory authorities to support his claims for relief.[1]  The Government filed a motion to dismiss this complaint as well for improper service and failure to exhaust administrative remedies.  The original complaint and amended complaint are similar to dozens of other complaints dismissed by this Court for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II. CLERK'S ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55(a) provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as

---

[1] These include the Administrative Procedure Act, 5 U.S.C. §§ 704-706; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and unspecified provisions of the Freedom of Information Act, the Privacy Act, the Federal Records Act, and the National Archives Act.

provided by these rules." Fed. R. Civ. P. 55(a). As long as judgment has not yet been entered, which in this case it has not, the Court can set aside the default for "good cause shown." Fed. R. Civ. P. 55(c). The decision to set aside a default rests in the discretion of the trial court. *Keegel v. Key West & Carribean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980). In exercising such discretion, the Court must consider whether (1) the default was willful; (2) setting aside default would prejudice plaintiff; and (3) the alleged defense is meritorious. *Id*. On a motion for relief from the entry of default, "all doubts are resolved in favor of the party seeking relief." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). The Court also takes into account the fact that default judgments are not favored by modern courts "because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." *Jackson*, 636 F.2d at 835.

In this case, the Government was only two days late in filing its first motion to dismiss, and the Government filed its motion prior to plaintiff filing for an entry of default. This does not suggest that the Government's filing delay was willful.[2]

---

[2] This Court has previously held that "[t]he boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003).

Moreover, plaintiff has alleged no prejudice as a result of this brief delay in filing.  The Court finds that plaintiff was not prejudiced because plaintiff's ability to adjudicate this case on the merits has not been diminished by the Government's delay.  Plaintiff chose to file a response to the motion to dismiss almost immediately after filing for an entry of default.  Plaintiff also chose to file an amended complaint in this case, to which the government timely filed a response.  Finally, the Government has asserted a potentially meritorious defense in its motion to dismiss, given that numerous almost identical cases have already been dismissed by this Court for failure to exhaust administrative remedies.

In an untimely filed Opposition to Motion to Vacate Entry of Default, plaintiff asserts that this Court should deny the Government's motion because the Government failed to adhere to Local Rule 7(g).  Local Rule 7(g) requires a motion to vacate entry of default to be accompanied by "a verified answer presenting a defense sufficient to bar the claim in whole or in part."  LCvR 7(g).  Although the Government did not file a verified answer with its motion, the Government had already filed a motion to dismiss.  The Federal Rules of Civil Procedure permit a party to file a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim instead of an answer.  *See* Fed. R. Civ. P. 12(b).  Given that the motion to dismiss was

4

already filed prior to the entry of default, this Court will not deny the Motion to Vacate Entry of Default based on the lack of a verified answer. *See Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 9 (D.D.C. 2005) ("[T]his Court is unaware of any decision in which a court has struck a motion to dismiss following an entry of default because the motion to vacate the default was filed without an answer.").

For all the above reasons, the Government's Motion to Vacate Entry of Default is **GRANTED.**

### III. FIRST MOTION TO DISMISS

After the Government filed its first motion to dismiss on April 13, 2006, the plaintiff filed an amended complaint. Because the Government has also filed a motion to dismiss the amended complaint, which has been fully briefed and is ripe for consideration, the Court **DENIES AS MOOT** the Government's first motion to dismiss [Dkt. No. 5].

### IV. SECOND MOTION TO DISMISS

The Government filed a motion to dismiss the amended complaint on September 18, 2006. In its motion, the Government asserts that plaintiff's amended complaint should be dismissed based on insufficient service and failure to exhaust administrative remedies.

Section 7433(a) of the Internal Revenue Code ("Code") allows taxpayers to bring an action for civil damages against any

5

officer or employee of the IRS who acts in disregard of the Code or its implementing regulations in connection with the collection of taxes.  *See* 26 U.S.C. § 7433(a).  However, Section 7433(d)(1) of the Code provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1). The IRS has promulgated regulations that mandate that damages actions under Section 7433 "may not be maintained unless the taxpayer has filed an administrative claim."  26 C.F.R. § 301.7433-1(d).  Administrative claims must be submitted to the "Area Director, Attn:  Compliance Technical Support Manager of the area in which the taxpayer currently resides."  *Id*. § 301.7433-1(e)(1).  The regulations detail all the information that must be provided to the Area director including, *inter alia*, the "grounds, in reasonable detail, for the claim"; a "description of the injuries incurred"; and the "dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable."  *Id*. § 301.7433-1(e)(2). The taxpayer is also required to provide any "substantiating documentation" supporting his claim.  *Id*.  Until the IRS rules on a properly filed claim, or six months pass without a ruling, a plaintiff cannot maintain an action in federal district court. *Id*. § 301.7433-1(d).

Section IV of plaintiff's amended complaint is entitled "Exhaustion Requirement" and states that "Plaintiff has filed a Verified Administrative Claim for Damages with the Internal Revenue Service, Area 5, Area Director, Jacksonville, 400 Bay Street, Jacksonville, FL 32202." Am. Compl. 5. However, plaintiff provides no information about when his administrative claim was filed, whether it contained the elements mandated by IRS regulations, and whether the IRS has ruled on his claim. Moreover, in its Motion to Dismiss Amended Complaint, the Government argues that plaintiff has not exhausted his administrative remedies. The Government also has submitted to the Court a declaration from IRS Senior Litigation Advisor Larry McTaw that states that the "Technical Services Office in Jacksonville, Florida does not have record of the plaintiff filing an administrative claim for damages." Decl. of Larry T. McTaw ¶ 4. In his reply brief, the plaintiff provides no information to the Court that suggests that he exhausted his administrative remedies. Instead, he just argues that exhaustion is not required.

Rather than dismissing the amended complaint at this time, the Court will give the plaintiff one final opportunity to demonstrate to the Court that he has exhausted all administrative remedies. Therefore, the Court **DEFERS RULING** on the second motion to dismiss [Dkt. No. 13] until after plaintiff has an

opportunity to respond in accordance with the Order accompanying this Memorandum Opinion.

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES AS MOOT** defendant's Motion to Dismiss [Dkt. No. 5], **GRANTS** defendant's Motion to Vacate Entry of Default [Dkt. No. 12], and **DEFERS RULING** on defendant's Motion to Dismiss Amended Complaint [Dkt. No. 13].  A separate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**January 30, 2007**