# RECEIVED

MAR 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Kenneth D Guthery | ) |
| , | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| UNITED STATES (Government), | ) |
| | ) |
| Defendant. | ) |

Case No: 1:06cv00176 EGS

MOTION TO SUPPLEMENT
PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO
DISMISS

Plaintiff requests leave of court to supplement plaintiff's Response to Defendant's Motion to Dismiss (dkt#22).

Plaintiff filed a Response to Defendant's Motion to Dismiss (dkt#22) and now supplements the aforementioned response as follows:

## EXHAUSTION OF ADMINISTRATIVE REMEDY

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 5, Area Director Jacksonville, 400 Bay Street, Jacksonville, FL 32202 , Attn: Compliance Technical Support Manager, received by the IRS on September 6, 2006, Cert. Mail #70042890000474813995. More than 6 months have passed and plaintiff has not received a response. Therefore the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim

meets all requirements of the regulation[1].

## QUESTION PRESENTED

Was dismissal for "failure to state a claim" under Fed.R.Civ.P. 12(b)(6) premature,

in the context of "notice pleadings" under Fed.R.Civ.P 8(a), *Conley v. Gibson*, 355 U.S. 41,

and Fed.R.Civ.P 12(h)(2)?

## DISCUSSION

In *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), the Supreme Court examined

"essential element of a claim" with respect to factual matters.    *Arbaugh*, at 1240.

This Court (*Turner, etc.*) has already determined that "exhaustion" is a factual issue,

and the Court dismissed upon defendant's assertion that Plaintiff failed to plead

exhaustion.  However, Plaintiff was under no obligation to so plead.

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30,

2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule
> of Civil Procedure 8(a) requires simply a 'short and plain statement of the
> claim' in a complaint..."

Plaintiff asserts that the Verified Complaint met the "notice pleading" requirements

set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[2], and

reiterated in *Jones*.

---

[1] Pursuant to the aforementioned Verified Administrative Claim plaintiff(s) has/have exhausted all available administrative remedies and is/are officially barred from any further administrative appeal, review, relief and/or remedy.

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination is not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

Writing for the Court, the Chief Justice explained that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion
> must be pleaded or is an affirmative defense, is strong evidence that the
> usual practice should be followed, and the practice under the Federal Rules
> is to regard exhaustion as an affirmative defense..."

IRC section 7433, as amended by TBOR III, is silent on the issue whether

exhaustion must be pleaded.  The *Jones* Court also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice
> based on perceived policy concerns. See, e.g., Leatherman v. Tarrant
> County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[3]

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead
> exhaustion, such a result 'must be obtained by amending the Federal Rules,
> and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant, a fiction of law, is bound by such law, and by the Federal Rules of Civil

Procedure.  Neither the Taxpayer Bill of Right III, nor Rule 8, requires Plaintiff to

"demonstrate", "plead" or otherwise "assert" exhaustion; defendant must, in "the usual

practice", raise such matter as an affirmative defense, and "place before the jury sufficient

proof to generate a jury instruction on the particular defense theory sought"[4], and,

notwithstanding recent cases dismissing on grounds of "failure to state a claim", the

*Arbaugh* Court, citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133,

reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the

---

[3] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A
federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading
requirements of Federal Rule of Civil Procedure 8(a)

[4] UNDERSTANDING AFFIRMATIVE DEFENSES, David Beneman, Maine CJA Resource Counsel,
Levenson, Vickerson & Beneman

jury is the proper trier of contested facts."

The jury is the proper trier, *Arbaugh*; *Reeves*, of the "'short and plain statement of the claim' in a complaint..." Federal Rule of Civil Procedure 8(a), *Conley*; and of any affirmative defense. *Jones*.

Pretrial dismissal for "failure to state a claim", pre-empts the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies available* " as described in 7433(d)'s language; "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861 - calls for a determination of fact; clearly within the province of the jury.[5]

Wherefore, plaintiff requests that the court deny defendant's motion to dismiss, pursuant to plaintiff's Response to Defendant's Motion to Dismiss (dkt#22) and declare that regulation 26 C.F.R 1.7433-1 does not reflect the language of the current statute (26 U.S.C. 7433) and is therefore unconstitutional.and unenforceable

Dated _____, 2007

_____          _____
Kenneth D Guthery

---

[5]     Defendant could not seriously assert prejudice by the jury's trial of the factual element, since the jury could, upon examination of all relevant facts, find that available remedies were not exhausted; Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

"A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P 12(h)(2) (emphasis added)

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Charles H Keen
U.S. Dept of Justice
P.O. Box 277
Ben Franklin Station
Washington D.C. 20044

Dated _____ *March 9* _____, 2007

Kenneth D Guthery