```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

                                   )
KENNETH D. GUTHERY                 )
                                   )
               Plaintiff,          )
                                   )
          v.                       )   Civil Action No. 06-176 (EGS)
                                   )
UNITED STATES                      )
                                   )
               Defendant.          )
                                   )
```

**MEMORANDUM OPINION**

This case is similar in many respects to a number of cases filed in this Court by individuals around the country seeking damages for alleged misconduct by the Internal Revenue Service ("IRS") in collecting taxes. In this case, like many cases in this Court before it, plaintiff asserts that this Court has jurisdiction over plaintiff's claim for damages pursuant to the Taxpayer Bill of Rights ("TBOR"), see 26 U.S.C. § 7433. Plaintiff also claims that the Court has jurisdiction pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704-706; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and 28 U.S.C. § 1331 with respect to unspecified sections of the Federal Records Act, the National Archives Act, the Freedom of Information Act ("FOIA"), and the Privacy Act. Unlike many other cases before this Court, plaintiff alleges that he has exhausted his administrative remedies and has filed a proof of mail delivery with this Court. Pending before the Court is defendant's Motion to Dismiss Amended Complaint. Upon

consideration of the motion, response and reply thereto, supplemental briefing and evidence provided by plaintiff, and the applicable law, the Court **grants in part and denies in part** defendant's motion and directs plaintiff to properly serve defendant or this case will be dismissed.

I.   **BACKGROUND**

Plaintiff filed an Amended Complaint on September 5, 2006 alleging that the "IRS disregarded and continues to disregard certain sections of the Internal Revenue Code while engaged in collection activity regarding plaintiff." Am. Compl. at 1 n.1. Plaintiff enumerates 39 counts of alleged IRS misconduct in his Amended Complaint. These counts are nearly identical to numerous other complaints filed pursuant to the TBOR by other individuals. The Amended Complaint provides few facts and mostly just cites numerous statutory provisions that defendant allegedly violated. Viewing the Amended Complaint in the light most favorable to plaintiff, however, plaintiff claims misconduct by the IRS throughout the tax collection process. Specifically, plaintiff alleges that the IRS failed to notify plaintiff to keep records, make statements, or file returns; failed to prepare "Substitute(s) for Return(s)" in the name of Kenneth D. Guthery; forced plaintiff to use his social security number in violation of the Social Security Act; improperly assessed taxes; failed to record tax assessments; failed to execute summary records of

assessment; failed to furnish plaintiff with copies of assessments or summary records of assessment; failed to promulgate regulations to implement the Internal Revenue Code; failed to implement provisions of the Internal Revenue Code; exceeded limits imposed on the collection of taxes; failed to give notice of unpaid tax; engaged in conduct intended to harass or oppress; asserted a tax lien without proper notice; failed to certify notices of lien; and unlawfully disclosed return information by filing notices of lien in stated amounts for which no record exists.

Based on the above allegations, plaintiff seeks an order directing defendant to pay damages pursuant to 26 U.S.C. § 7433 in the amount of $10,000 per disregard of the Internal Revenue Code; directing "replevin of any property taken from Plaintiff without due process of tax law, or compensation at current fair market value, Am. Comp. at 19-20; directing "such other and further damages as the court deems proper, *id.* at 20; and "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of the law or regulation," *id*.

## II.   STANDARD OF REVIEW

Defendant has moved to dismiss the Amended Complaint for failure to properly serve the United States and because the Court lacks subject matter jurisdiction over the Amended Complaint.

**A.   Rule 12(b)(1)**

A party seeking adjudication of an action in federal court bears the burden of showing that the court has subject matter jurisdiction over the action.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider materials outside the pleadings to determine whether it has jurisdiction.  *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

**B.   Rule 12(b)(5)**

The Court may dismiss a complaint without prejudice for ineffective service of process.  *See* Fed. R. Civ. P. 12(b)(5); *Simpkins v. District of Columbia*, 108 F.3d 366, 369 (D.C. Cir. 1997).  "'[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other

4

applicable provision of law.'"  *Light v. Wolf*, 816 F.2d 746, 751
(D.C. Cir. 1987) (quoting Charles Alan Wright & Arthur R.
Miller, 4A Federal Practice & Procedure § 1083, at 12 (2d ed.
1987)).

**III. DISCUSSION**

    **A.   Insufficiency of Service of Process**

Defendant argues that the Amended Complaint must be
dismissed based on insufficient service of process.
Specifically, defendant alleges that plaintiff failed to comply
with the dictates of Federal Rule of Civil Procedure 4(c)(2) by
serving the summons and complaint himself.  *See* Fed. R. Civ. P.
4(c)(2) (indicating that service of the summons and complaint
"may be effected by any person who is not a party").  Defendant
also alleges that plaintiff failed to comply with Federal Rule of
Civil Procedure 4(i) because his return of service does not
indicate that he served the United States Attorney for the
District of Columbia by mailing the summons and complaint to the
attention of the civil process clerk at the U.S. Attorney's
Office as required by Rule 4(i)(1)(A) and he did not serve a copy
of the summons and complaint on the Internal Revenue Service.

    Plaintiff indicates in his Amended Complaint that he does
not need to serve the IRS because the IRS is not a party to the
action.  *See* Am. Comp. at 1 n.1.  In compliance with 26 U.S.C.
§ 7433, plaintiff sued the United States, and he is not required

5

to name the agency as a defendant under the statute. Even if the IRS is not a party, however, plaintiff must have a copy of his summons and complaint served on the appropriate officer or agency (the IRS in this case) by registered or certified mail if his lawsuit attacks "the validity of an order of an officer or agency of the United States." Fed. R. Civ. P. 4(i)(1)(C). It does not appear to the Court that plaintiff is in fact attacking an order of an officer or agency of the United States in this case since there is no indication that plaintiff has received any ruling from the IRS on his administrative claim. Accordingly, the Court finds that plaintiff need not separately serve the IRS or any of its officers.

Plaintiff does not contest that he signed the returns of service in this case indicating that he, himself, served a copy of the summons and complaint on the U.S. Attorney's Office and Attorney General by certified mail. This violates the requirements of Federal Rule of Civil Procedure 4(c)(2), which requires a non-party to effect service, and, therefore, plaintiff's service was insufficient. Although plaintiff tries to argue that the requirements of Rule 4(c)(2) do not apply to service pursuant to Rule 4(i)(1)(A), this Court has routinely rejected such an argument and will do so again now. *See*, *e.g.*, *Bartrug v. United States*, Civ. A. No. 06-0294(PLF), 2006 U.S. Dist. LEXIS 95654, at *6 (D.D.C. Nov. 17, 2006) (finding that

service was insufficient when plaintiff mailed the complaint himself instead of having a non-party effect service); *MacLafferty v. United States*, Civ. A. No. 06-279(RMU), 2006 WL 2465391, at *1 (D.D.C. Aug. 24, 2006) (dismissing case when plaintiff served complaint himself via certified mail on the U.S. Attorney and the Attorney General).

The Court further agrees with defendant that plaintiff's service of process is deficient because he does not appear to have complied with the requirement in Rule 4(i)(1)(A) by having a copy of the summons and complaint mailed via certified or registered mail to the "civil process clerk" at the U.S. Attorney's Office. *See* Fed. R. Civ. P. 4(i)(1)(A); *see also Holstrom v. United States*, Case No. 8:02-CV-2006-T-17MAP, 2003 U.S. Dist. LEXIS 11199, at *6 (M.D. Fla. Apr. 4, 2003) (finding service of process insufficient because plaintiff failed to comply with Rule 4(i)(1)(A) by addressing his mail to the "civil process clerk").

The Court will not pick and choose which service requirements to enforce as to which parties. All parties have notice as to the service requirements because such requirements are detailed in the Federal Rules of Civil Procedure. Because the Court finds that service of process was deficient for two separate reasons, the Court could dismiss the Amended Complaint without prejudice pursuant to Rule 4(m) of the Federal Rules of

Civil Procedure.  However, pro se litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."  *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).  Moreover, the Court has not previously provided plaintiff with any notice of the consequences of failing to properly serve process.  *See id.* (finding that the Court must "supply minimal notice of the consequences of not complying with procedural rules").  Accordingly, the Court declines to dismiss the Amended Complaint or this case for insufficient service of process.  As indicated in the accompanying Order, plaintiff shall be given another opportunity to properly serve defendants.  Failure to effect proper service in strict compliance with both Rules 4(c) and 4(i) of the Federal Rules of Civil Procedure and by the deadline indicated in this Court's accompanying Order, however, will result in dismissal of this case.

**B. Lack of Subject Matter Jurisdiction**

**1.   Failure to exhaust administrative remedies**

Defendant argues that this Court does not have subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies as required by 26 U.S.C. § 7433 prior to filing suit.  As this Court has previously held, "the exhaustion requirement of section 7433 is not jurisdictional but instead is an element of a plaintiff's claim for relief."  *Ross v. United*

*States*, 460 F. Supp. 2d 139, 146 (D.D.C. 2006). Even though not jurisdictional, exhaustion of administrative remedies is a requirement for maintaining a suit for damages under section 7433 and failure to even allege exhaustion or alleging exhaustion in a very conclusory manner has resulted in dismissal of many cases from this Court for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See id.* (dismissing case where plaintiffs' response to defendant's motion to dismiss contained "not even a bare contention that they have satisfied the exhaustion requirement"); *see also Wesselman v. United States*, Civ. A. No. 07-589, 2007 U.S. Dist. LEXIS 57771, at *5 (D.D.C. Aug. 9, 2007) (dismissing case where plaintiff failed to allege exhaustion of administrative remedies and did not contest the government's assertion that he did not exhaust).

In this case, the defendant has only moved for dismissal based on lack of subject matter jurisdiction and has not moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) and therefore the motion must necessarily fail. Even if the Court were to treat the motion as one seeking dismissal for failure to state a claim based on defendant's attempt to broaden the scope of the motion in its reply brief, the Court cannot dismiss this case on the facts before it. In his Amended Complaint, plaintiff specifically alleges that he "filed a Verified Administrative Claim for Damages with the Internal Revenue Service, Area 5, Area

9

Director, Jacksonville, 400 Bay Street, Jacksonville, FL 32202." Am. Compl. at 5.  This is quite different from the form complaints filed by many others with only a fleeting reference to exhaustion if any reference at all.  Moreover, in a supplemental response to defendant's motion to dismiss filed on March 13, 2007, plaintiff again indicated that he exhausted his administrative remedies by mailing his claim to the attention of the Compliance Technical Support Manager at what the Court presumes is the correct Florida IRS office, and plaintiff provided a certified mail confirmation number showing that a package mailed by him was received on September 7, 2006 in Jacksonville, Florida.  Plaintiff also indicated in his supplemental response that more than six months had passed since the filing of his administrative claim and he had received no response.  If plaintiff in fact filed a verified claim that meets the requirements of 26 C.F.R. § 301.7433-1, then the matter would now be properly before the Court provided plaintiff is able to correct defects in service of process.

   Along with its motion to dismiss the Amended Complaint, defendant submitted a declaration from Larry T. McTaw, Senior Litigation Advisor for the Jacksonville IRS office where plaintiff allegedly sent his verified administrative claim.  The declaration, signed on September 13, 2006, states that as of the date of the declaration, the Technical Services office had not

10

received an administrative claim from plaintiff. The declaration, however, was signed only four business days after the claim was supposedly received. Moreover, if the Court were to consider this declaration and the proof of mailing submitted by plaintiff and covert a Rule 12(b)(6) motion to a motion for summary judgment, see Fed. R. Civ. P. 12(b), then there would be a dispute of material fact as to whether the verified claim was submitted. For these reasons, the Court **denies** defendant's motion to dismiss to the extent defendant seeks dismissal for failure to exhaust administrative remedies.

### 2.  Lack of jurisdiction under other statutes

As to plaintiff's remaining alleged bases for jurisdiction, the Court agrees with prior rulings of this Court finding that all claims under the APA, the All Writs Act, the Mandamus Act, FOIA, the Privacy Act, the Federal Records Act, and the National Archives Act must be dismissed because plaintiff is precluded from bringing damages actions in connection with the collection of any taxes under any of these statutes. *See Maki v. United States*, Civ. A. No. 06-1564, 2006 U.S. Dist. LEXIS 92713, at *17-*20 (D.D.C. Dec. 22, 2006); *Ross*, 460 F. Supp. 2d at 148-51. Accordingly, the Court **grants** defendant's motion to dismiss to the extent plaintiff is attempting to assert a claim for damages in connection with the collection of taxes under any of these statutes.

### C.   Replevin and Injunctive Relief

Plaintiff also seeks "replevin of any property taken from Plaintiff without due process of tax law, or compensation at current fair market value," Am. Comp. at 19-20, and an injunction to prevent "defendants' principals, officers, agents, and/or employees from further acting in disregard of the law or regulation," *id.* at 20.  For all the reasons detailed in *Ross*, 460 F. Supp. 2d at 147-48, 151-53, the Court denies plaintiff's claim for replevin and for injunctive relief and **grants** defendant's motion to dismiss as to these issues.

## IV.  CONCLUSION

For the foregoing reasons, the only claim that survives in this case if plaintiff properly effects service within the time limit imposed by the accompanying Order is a claim for damages pursuant to 26 U.S.C. § 7433.  The Court does not have jurisdiction under any of the other statutes relied on by plaintiff, and plaintiff has not provided any basis for this Court to find that plaintiff's claims for replevin or injunctive relief survive.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**August 29, 2007**