IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Kenneth D. Guthery, | No. 1:06-cv-00176-EGS |
| Plaintiff, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

RECEIVED
DEC - 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MOTION TO DISMISS THE UNITED STATES' COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 12(b) (1) and (6), Plaintiff, Kenneth D. Guthery, moves to dismiss the United States' counterclaim and submits a memorandum of law and proposed order in support of this motion. Plaintiff seeks dismissal because this Court lacks subject matter jurisdiction over the United States' counterclaim and because counterclaim plaintiff fails to state a claim upon which relief can be granted.

December 3, 2007

Respectfully submitted,

_/s/ Kenneth D. Guthery_
Kenneth D. Guthery

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS THE UNITED STATES' COUNTERCLAIM

The UNITED STATES filed its counterclaim against Kenneth D. Guthery seeking to reduce to judgment certain assessments allegedly made against this Plaintiff and to obtain a declaratory judgment as to the alleged indebtedness of Plaintiff to the United States. Plaintiff moves to dismiss the United States' counterclaim pursuant to Fed. R. Civ. P. 12(b) (1) and (6).

Because this Court (1) lacks subject matter jurisdiction over the "assessments" at issue, (2) because this Court is barred by the express terms of 28 U.S.C. § 2201(a), the Declaratory Judgment Act, from granting any and all of the declaratory relief and judgments sought by the United States, and, (3) because the United States' counterclaim fails to state a claim upon which relief can be granted, said counterclaim should be Dismissed with Prejudice.

### ISSUES PRESENTED

_____ 1. Does this Court have subject matter jurisdiction over the United States' counterclaim, the subject matter of which the United States and Plaintiff, Kenneth D. Guthery, are litigating in the United States' parallel action lodged in the District Court for the Middle District of Florida?

2. Does this Court have jurisdiction to grant relief specifically barred by the express terms of the Declaratory Judgment Act?

3. Does the United States, by filing a suit which seeks relief barred by 28 U.S.C. § 2201(a), and which is the subject matter of a pre-existing parallel action between this Plaintiff and the United States, state a claim upon which this Court can grant relief?

1

## BACKGROUND

The United States filed its counterclaim on November 13, 2007. However, on June 1, 2007, the United States filed a civil action against this Plaintiff in the United States District Court for the Middle District of Florida. Now, five months after filing suit to reduce to judgment the same assessments in another District Court, the United States improperly asserts its counterclaim in the instant matter. The United States seeks to enlist this Court's power in an attempt to circumvent the existing, rightful jurisdiction of the United States District Court for the Middle District of Florida over the subject matter the United States now attempts to litigate in its duplicative counterclaim before this Court.

Said civil suit, <u>UNITED STATES OF AMERICA v Kenneth D. Guthery Et al</u> Case No.: 8:07-cv-00941-RAL-MSS (hereinafter: the Florida suit) is pending in the United States District Court for the Middle District of Florida, Tampa Division. In the Florida suit, the United States is suing for the same alleged "assessments" as in its parallel counterclaim. Plaintiff provides a copy of the complaint lodged in the Florida suit as an attachment to this memorandum. Said attachment proves the United States has introduced to this Court the same claims brought in its Florida suit.

## ARGUMENT

THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE "ASSESSMENTS" THE UNITED STATES SEEKS TO REDUCE TO JUDGMENT

The United States putatively brings the instant counterclaim for the purpose of reducing certain Federal tax "assessments" to judgment. This Court lacks subject matter jurisdiction over the subject assessments owing to the fact the United States is suing to have the very same "assessments" reduced to judgment in its Florida suit.

The United States' attempt to evade the jurisdiction of the United States District Court for the Middle District of Florida should be seen as an attempt to deliberately abuse this Court's authority.

The subject counterclaim purports to have been brought "…at the request and with the authorization of the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and at the direction of the Attorney General of the United States under 26 U.S.C. § 7401." (Ans. & CC at # 8) It is inconceivable that the neither the Chief Counsel for the Internal Revenue Service nor authorizing personnel within the Attorney General's Office were unaware of the United States' parallel litigation against this Plaintiff.

Clearly, jurisdiction over the subject matter the United States attempts to litigate before this Court is properly in the District Court for the Middle District of Florida. Further, the United States' Florida suit is very advanced. The complaint in said suit has been answered and the Florida Court, exercising its rightful existing jurisdiction, has issued its orders. The Florida Court's exercise of its rightful, original jurisdiction over the subject "assessments" is undeniable and fatal to the United States' counterclaim. The United States' attempt to litigate the same claims in two United States District Courts simultaneously is profoundly repugnant to the judicial process. Moreover, such parallel litigation creates an undeniable possibility that contrary decisions may result.

Plaintiff specifically disputes the factual allegations in the United States' counterclaim that purport to form the basis for the Court's subject matter jurisdiction. Accordingly, "the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." *Phoenix Consulting,*

3

*Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C. Cir. 2000). In such situations, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual [jurisdictional] disputes between the parties." *Erby,* 424 F.Supp. 2d at 181. See also *Mortensen v. First Fed. Savings & Loan Association,* 549 F.2d 884, 891 (3d Cir. 1976) (holding that a Court ruling on a factual challenge to its jurisdiction is not required to accept the plaintiff's factual allegations as true, but rather "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . .").

Further, once a [counterclaim] Defendant has moved to dismiss a case pursuant to Rule 12(b)(1), "The [C]ourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Abu Ali v. Gonzales,* 387 F. Supp. 2d 16, 17 (D.D.C. 2005).

In the instant matter, the United States cannot possibly provide evidence to disprove the fact that it is suing Kenneth D. Guthery through its Florida suit for the same alleged "assessments" for which the United States is now attempting to sue Kenneth D. Guthery before this Court. Clearly, this Court does not have subject matter jurisdiction over the United States' counterclaim. As such, the United States' counterclaim should be dismissed pursuant to Fed. R. Civ. P. 12 (b) (1).

## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE UNITED STATES' REQUEST FOR A DECLARATORY JUDGMENTS

One of the grounds upon which Plaintiff seeks dismissal of the United States' counterclaim is that of counterclaim plaintiff's apparent request for declaratory relief. Such requests are contrary to, and specifically barred by, law.

The United States does not seek a trial on the merits. Rather, the relief sought is: "That the Court order and adjudge that plaintiff, Kenneth D. Guthery, is indebted to the United States in the amount of $323,879.79, plus additional penalties, interest, and statutory additions accruing as of March 16, 2007;".

Plaintiff asserts that this Court is barred from granting United States requests for declaratory relief and declaratory judgments. It is undeniable that the Declaratory Judgment Act expressly prohibits the Court from exercising jurisdiction over requests such as those contained in plaintiff's complaint. Thus, Defendant properly raises the issue of the Court's subject matter jurisdiction pursuant to Rule12 (b) (1).

In a case of actual controversy within its jurisdiction, <u>except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986</u>, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10)of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (emphasis added)

The authority conferred to the Court by § 2201(a) to provide declaratory relief clearly does not extend to Federal taxation cases unless the case arises under 28 U.S.C. § 7428, an exception not implicated by the plaintiff's complaint here.[fnt. 1] The Court must therefore conclude that § 2201 withholds from any United States District Court authority to entertain the United States' counterclaim seeking declaratory relief.

---

[fnt. 1]. Section 7428 permits certain federal courts to entertain challenges to determinations by the Secretary of the Treasury as to whether an entity qualifies as a tax-exempt non-profit organization under 26 U.S.C. § 501(c)(3) or26 U.S.C. § 170(c)(2), a private foundation pursuant to 26 U.S.C. § 509(a) or 26 U.S.C. § 4942(j)(3), or a cooperative under 26 U.S.C. § 521(b). 26 U.S.C. § 7428(a)(1).

Due to the fact that the United States' counterclaim concerns Federal taxes, the prohibition imposed by 28 U.S.C. § 2201(a) extends to the declaratory relief sought.

Accordingly, Plaintiff's objection to those parts of the United States' counterclaim raises an insurmountable jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1). See *Nat'l Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1431-32(D.C. Cir. 1995) (noting that 28 U.S.C. § 2201(a) imposes jurisdictional barrier to [tax] suit[s]).

For the reasons stated above, the relief sought by the United States cannot be granted. Clearly, the declaratory relief sought is outside the jurisdiction of the Court. The counterclaim is futile and unsustainable in that the relief sought is statutorily barred and the claims are subject to the jurisdiction of another United States District Court.

The Court lacks jurisdiction over the United States' requested relief pursuant to 28 U.S.C. § 2201(a) and, therefore, should dismiss the United States' counterclaim pursuant to Fed. R. Civ. P. 12(b)(1).

## THE COUNTERCLAIM IS PARALLEL AND DUPLICATIVE LITIGATION

The United States and Kenneth D. Guthery are currently engaged in parallel litigation in the U.S. District Court for the Middle District of Florida, Tampa Division.

A review of the factual parallels between the United States pending Florida suit and the United States' counterclaim improperly before this Court reveals an unmitigated abuse of process on the part of the United States. Further, the fact that this Court lacks subject matter jurisdiction over any part of the United States' complaint is readily apparent. It is undeniable that the United States is suing Kenneth D. Guthery for the same "assessments" in two different United States District Courts. Accordingly, the United States has failed to state a claim upon which this Court can grant relief.

Pursuant to the first-filed rule, if a parallel action was filed earlier in a different District, a District Court has the discretion to dismiss the later action, see *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999).

## SUMMATION

The Court is statutorily barred from hearing the United States' counterclaim which prays for declaratory judgment and /or relief and, therefore, the United States has failed to state a claim upon which relief can be granted.

The United States' counterclaim is a parallel litigation improperly before this Court. The United States District Court for the Middle District of Florida has already exercised its rightful original jurisdiction over the claims the United States improperly asserts in its counterclaim. Thus, the claims asserted in the counterclaim are outside the jurisdiction of this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an ORDER dismissing the United States' counterclaim in its entirety, and with prejudice.

December 3, 2007

Respectfully submitted,

Kenneth D. Guthery

CERTIFICATE OF SERVICE

It is certified that a true and complete copy of the forgoing Motion to Dismiss, Memorandum, and Proposed Order were served upon the following by First Class Mail, postage paid, on December 3, 2007.

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044

By: /s/ Kenneth D. Guthery
Kenneth D. Guthery