FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2007 JUN -1  AM 10: 40

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 8:07-CV-00941-T-26MSS |
| KENNETH D. GUTHERY; | ) |
| MARLENE S. GUTHERY; | ) |
| WACHOVIA MORTGAGE CORPORATION; | ) |
| ROBERT S. HOBBS, Esquire, as Trustee of | ) |
| an unknown trust; and | ) |
| CSR/RINKER MATERIALS CORPORATION, | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the United States of America, by and through its undersigned counsel, James R. Klindt, Acting United States Attorney for the Middle District of Florida, and complains and alleges as follows:

1. This is an action brought to reduce to judgment certain federal income tax assessments that have been made against taxpayer Kenneth D. Guthery. This is also an action to foreclose federal tax liens against two parcels of real property, to sell the properties, and to apply the proceeds of sale to the outstanding tax liabilities.

*Jurisdiction*

2. This civil action is commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code of 1986 (title 26 United States Code, "IRC") at the direction of the Attorney General of the United States, and with the authorization and at the request of

Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and IRC § 7402.

4. Venue properly lies in this district where the properties at issue are located and where the taxpayer resides. 28 U.S.C. §§ 1391(b)(2) and 1396.

*Parties*

5. The defendant Kenneth D. Guthery resides within Hillsborough County, Florida, within the jurisdiction of this Court.

6. The defendant Marlene S. Guthery is the wife of Kenneth D. Guthery and holds title as a tenant-by-the-entireties along with Kenneth D. Guthery to both parcels of real property that are the subject of this action. Marlene S. Guthery is joined as a party to this action, pursuant to the provisions of IRC § 7403, as a person who claims or may claim an interest in the real property.

7. The defendant Wachovia Mortgage Corporation holds a mortgage against the real property described in paragraph 25 of this complaint, which is a subject of this action. Wachovia Mortgage is joined as a party to this action, pursuant to the provisions of IRC § 7403, as a person who claims or may claim an interest in the real property.

8. The defendant Robert S. Hobbs, Trustee of an unknown trust, holds a mortgage against both parcels of real property that are the subject of this action and is

2

joined as a party to this action, pursuant to the provisions of IRC § 7403, as a person who claims or may claim an interest in the real property.

9. The defendant CSR/Rinker Materials Corporation is a dissolved Florida corporation which recorded a claim of lien against the portion of a parcel of real property described in paragraph 25a of this complaint, and is joined as a party to this action, pursuant to the provisions of IRC § 7403, as a person who claims or may claim an interest in the real property. Upon information and belief, the lien of CSR/Rinker Materials Corporation has been satisfied, although no satisfaction has been recorded in the public records.

*Count I*

*Reduce Tax Assessments to Judgment*

*Income tax liabilities for 1998*

10. On October 7, 2002, a delegate of the Secretary of the Treasury made an assessment against Kenneth D. Guthery for the tax year 1998 in the total amount of $84,639.82, including income tax, a penalty imposed pursuant to IRC § 6651(a)(1) for failure to file a federal income tax return timely, a penalty imposed pursuant to IRC § 6651(a)(2) for failure to pay income tax, a penalty imposed pursuant to IRC § 6654 for failure to pay estimated tax, and interest accrued to that date.

11. Despite notice and demand, Kenneth D. Guthery has failed to pay this assessment.

12. As of June 30, 2006, the balance due for 1998 income tax liabilities was $74,924.58, including interest and other statutory additions as provided by law.

*Income tax liabilities for 1999*

13. On October 7, 2002, a delegate of the Secretary of the Treasury made an assessment against Kenneth D. Guthery for the tax year 1999 in the total amount of $124,435.44, including income tax, a penalty imposed pursuant to IRC § 6651(a)(1) for failure to file a federal income tax return timely, a penalty imposed pursuant to IRC § 6651(a)(2) for failure to pay income tax, a penalty imposed pursuant to IRC § 6654 for failure to pay estimated tax, and interest accrued to that date.

14. Despite notice and demand, Kenneth D. Guthery has failed to pay this assessment.

15. As of June 30, 2006, the balance due for 1999 income tax liabilities was $159,157,12, including interest and other statutory additions as provided by law.

*Income tax liabilities for 2000*

16. On June 28, 2004, a delegate of the Secretary of the Treasury made an assessment against Kenneth D. Guthery for the tax year 2000 in the total amount of $57,106.43, including income tax, a penalty imposed pursuant to IRC § 6651(a)(1) for failure to file a federal income tax return timely, a penalty imposed pursuant to IRC § 6651(a)(2) for failure to pay income tax, a penalty imposed pursuant to IRC § 6654 for failure to pay estimated tax, and interest accrued to that date.

17. Despite notice and demand, Kenneth D. Guthery has failed to pay this assessment.

18. As of June 30, 2006, the balance due for 2000 income tax liabilities was $60,137.36, including interest and other statutory additions as provided by law.

*Income tax liabilities for 2001*

19. On May 10, 2004, a delegate of the Secretary of the Treasury made an assessment against Kenneth D. Guthery for the tax year 2001 in the total amount of $12,912.08, including income tax, a penalty imposed pursuant to IRC § 6651(a)(1) for failure to file a federal income tax return timely, a penalty imposed pursuant to IRC § 6651(a)(2) for failure to pay income tax, a penalty imposed pursuant to IRC § 6654 for failure to pay estimated tax, and interest accrued to that date.

20. Despite notice and demand, Kenneth D. Guthery has failed to pay this assessment.

21. As of June 30, 2006, the balance due for 2001 income tax liabilities was $15,296.05, including interest and other statutory additions as provided by law.

*Count II*

*Foreclosure of Liens*

22. Pursuant to IRC §§ 6321 and 6322, liens arose in favor the United States of America against all property and rights to property, whether real or personal, belonging to Kenneth D. Guthery on the dates of the assessments shown above.

2392718.11

23. On October 22, 2004, a notice of federal tax lien for 2000 and 2001 income tax liabilities, naming Kenneth D. Guthery as taxpayer, was recorded in the real property records of Hillsborough County, Florida.

24. On December 6, 2004, a notice of federal tax lien for 1998 and 1999 income tax liabilities, naming Kenneth D, Guthery as taxpayer, was recorded in the real property records of Hillsborough County, Florida.

*Parcel One: 5302 Puritan Road, Tampa, Florida*

25. The residence of Kenneth D. Guthery and Marlene S. Guthery, located at 5302 Puritan Road, Tampa, Florida ("5302 Puritan Road"), within this judicial district and division, is now one parcel, but was once composed of two contiguous parcels described as follows:

> a. From the Northwest corner of the Southwest 1/4 of the Northwest 1/4 of Section 27, Township 28 South, Range 19 East Hillsborough County, Florida, run thence South 475 feet, thence East 1299 feet to the Point of Beginning; continue thence East 100 feet, thence North to the River, thence Westerly along the River to a point North of the Point of Beginning, thence South to the Point of Beginning;
>
> and
>
> b. Beginning at a point 475 feet South and 1199 feet east of the Northwest corner of the Southwest quarter of the Northwest quarter of Section 27, Township 28 South, Range 19, thence East 100 feet, thence North to the waters of Hillsborough River, thence meander Southwesterly along the waters edge to a point due North of the Point of

>Beginning; thence due South to the Point of Beginning.

26.     By warranty deed dated May 3, 1985, the defendants Kenneth D. Guthery and Marlene Sue Guthery acquired title to the portion of 5403 Puritan Road described in paragraph 25a, above, as tenants-by-the-entireties.

27.     By warranty deed dated February 12, 1987, the defendants Kenneth D. Guthery and Marlene S. Guthery acquired title to the portion of 5403 Puritan Road described in paragraph 25b, above, as tenants-by-the-entireties.

28.     By an instrument dated February 19, 1996, and recorded in the Hillsborough County, Florida real property records on February 22, 1996, the defendants Kenneth D. Guthery and Marlene S. Guthery gave a mortgage against 5403 Puritan Road to P.A. Mortgage Service, Inc. By assignment dated February 19, 1996, and recorded in the Hillsborough County, Florida real property records on February 22, 1996, P.A. Mortgage Service, Inc., assigned the mortgage described in this paragraph to Firstmerit Bank, FSB. Wachovia Mortgage Corporation is a successor in interest to Firstmerit Bank, FSB.

29.     On October 30, 2000, CSR/Rinker Materials Corporation recorded a Claim of Lien against the portion of 5403 Puritan Road described in paragraph 25a, above. Upon information and belief, the lien asserted by CSR/Rinker Materials Corporation has been satisfied.

2392718.11

30. By an instrument dated March 3, 2003, and recorded in the real property records of Hillsborough County, Florida on December 17, 2003, the defendants Kenneth D. Guthery and Marlene S. Guthery gave a mortgage against the real property described in paragraphs 25a and 25b, above, to Robert S. Hobbs, as Trustee of an unidentified trust.

31. During 2005, the parcels separately described in paragraphs 25a and 25b, above, were combined into one parcel.

*Parcel Two: 4205 East Busch Boulevard*

32. By warranty deed dated January 4, 1992, the defendants Kenneth D. Guthery and Marlene S. Guthery acquired title to a parcel of real property used for commercial purposes and located at 4205 East Busch Boulevard, Tampa, Florida ("4205 East Busch Boulevard"), which is described as follows:

> Lots 7 and 8, Block 2, revised map of Druid Hills, as recorded in Plat Book 25, Page 33, of the Public Records of Hillsborough County, Florida; LESS a portion of Lot 8 described as follows: Begin at the Northwest corner of said Lot 8; thence southeasterly along the Northerly boundary of said Lot 8 a distance of 87.06 feet to the Northerly boundary of said Lot 8, then southwesterly along the easterly boundary of said Lot 8 a distance of 116.07 feet to the Southeasterly corner of said Lot 8; then on an arc to the right along the Southerly boundary of said Lot 8 a chord distance of 55.0 feet; thence Northeasterly a distance of 110.45 feet to the point of beginning. (Less that portion of above described property taken for road right-of-way for Temple Terrace Highway.) (State Road No. 580).

33. The mortgage in favor of Robert S. Hobbs, Trustee, described in paragraph 29, above, also extends to 4205 East Busch Boulevard.

2392718.11

*Attachment of the federal tax liens*

34. The federal tax liens of the United States, as described in detail above, attach to 5403 Puritan Road and to 4205 East Busch Boulevard, and those parcels are therefore subject to a foreclosure action.

WHEREFORE, the United States prays for judgment as follows:

(A) That judgment be entered in favor of the United States and against the defendant Kenneth D. Guthery in the sum of $309,515.11, as of June 30, 2006, plus interest and statutory additions from that date, for 1998, 1999, 2000, and 2001 federal income tax liabilities;

(B) That the federal tax liens against Kenneth D. Guthery be foreclosed on the parcels of real property identified in this complaint;

(C) That the real property identified in this complaint be sold, and that the proceeds of sale be distributed as follows: first, to reimbursement of the costs of sale; second, to any defendant that may have and prove an interest in the proceeds of sale superior to that of the United States; third, one-half of the remainder to the United States; fourth, to any defendant that may have and prove an interest in the proceeds of sale inferior to that of the United States; and fifth, to defendants Kenneth D. Guthery and/or Marlene S. Guthery as permitted by law; and

2392718.11

(D)   That this Court grant the United States such other and further relief as the Court deems proper.

                        JAMES R. KLINDT
                        Acting United States Attorney

By: _____
PHILIP DOYLE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9673

2392718.11