IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH D. GUTHERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:06-cv-00176-EGS |
| ) | |
| UNITED STATES GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

MOTION FOR JUDGMENT ON THE PLEADINGS

The United States, in accordance with FED R. CIV. P. 12(c), moves this Court for a judgment on the pleadings. Specifically, the complaint fails to comply with the pleading requirements of FED R. CIV. P. 8(a) and thus fails to state a claim upon which relief can be granted. FED R. CIV. P. 12(b)(6); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Judgment in favor of the defendant is therefore appropriate.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: January 15, 2008.

       /s/ Duston K. Barton
      DUSTON K. BARTON
      Trial Attorney, Tax Division
      U.S. Department of Justice
      Post Office Box 227
      Washington, DC 20044
      Phone/Fax: (202)514-9961/514-6866
      E-mail: Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

2993208.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH D. GUTHERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-cv-00176-EGS |
| ) | |
| UNITED STATES GOVERNMENT, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS

1This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks damages for "each disregard." Judgment should be granted in favor of the defendants because the complaint fails to comply with the pleading requirements of FED R. CIV. P. 8(a) and thus fails to state a claim upon which relief can be granted. FED R. CIV. P. 12(b)(6); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

STATEMENT

On September 5, 2006 plaintiff filed an amended complaint alleging 39 "counts" in which the Internal Revenue Service disregarded various sections of the Internal Revenue Code. The complaint is "one of dozens of virtually identical lawsuits brought in this jurisdiction by tax protesters." *Smith v. United States*, 475 F.Supp. 2d 1, 4 (D.D.C. 2006).

On September 18, 2006, the United States filed a motion to dismiss plaintiff's amended complaint for lack of jurisdiction. On August 29, 2007, the Court granted this motion in part, dismissing all claims in the complaint that were not actionable under 26 U.S.C. § 7433 (i.e. those claims not dealing with collection activities).

On November 13, 2007, the United States answered plaintiff's complaint, alleging that plaintiff has failed to state a claim upon which relief can be granted.

ARGUMENT

It is a fundamental tenet of jurisprudence that a sovereign cannot be sued without its consent. *See, e.g., Block v. North Dakota,* 461 U.S. 273 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress.") 26 U.S.C. § 7433 provides a limited waiver of sovereign immunity for claims arising from the collection of income taxes. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases). Plaintiff's complaint recites 39 "counts" of alleged wrongdoing by the Internal Revenue Service; however, only seven of those counts arguably relate to collection activities.[1] Each of the remaining seven counts, discussed individually below,

---

[1] The Court has already dismissed all of plaintiff's counts dealing with non-collection related activities. These counts includes alleged violations of notice of record-keeping requirements (counts 1-2); preparation of substitutes for returns for taxpayers who fail to file tax returns (counts 3-8); failure to disclose returns and return information (count 9); use of taxpayer identification numbers (count 10); assessment of taxes (counts 11-17); failure to implement Internal Revenue Code sections (count 18, 20-26, 28-29, 34, 37-38); and failure to verify that a supervisor approved the initial penalty determination (count 33). (PACER # 24.)

must fail because they do not comply with the pleading requirements of FED R. CIV. P. 8(a).

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Bell Atlantic*, 127 S.Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level.") Mere labels, conclusions, and "a formulaic recitation of the elements of a cause of action" are insufficient. *Bell Atlantic,* 127 S.Ct. at 1965 (*citing Papasan v. Allaini,* 478 U.S. 265 (1986)).

Plaintiff's complaint is woefully inadequate on these grounds. Far from containing sufficient factual allegations to give the defendant "fair notice" of the claim and "raise the right to relief above the speculative" the complaint is entirely devoid of *any* factual allegations whatsoever. The complaint merely parrots statutory language and makes conclusory allegations that the Internal Revenue Service has violated the quoted statute. Noticeably absent is *any* detail asserting how in fact the Internal Revenue Service violated any internal revenue statute or regulation.

First, in count 19, plaintiff alleges that the Internal Revenue Service disregarded § 6301 of the Internal Revenue Code by failing to implement and develop procedures that 1) ensure that supervisors review an employee's determination to file liens and levies; 2)

provide for disciplinary action when those procedures are not followed; and 3) certify that the employee has (a) reviewed the taxpayer's information, (b) verified that a balance is due, and (c) affirmed that the action taken is appropriate given the taxpayer's circumstances. [2] (Am. Compl., count 19, at 11-12.) Plaintiff quotes the statute but provides no factual basis for his allegation that it was violated.

Second, in count 27, plaintiff states that the Internal Revenue Service failed to "within 60 days after the making of an assessment . . . give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." (Am. Compl., count 27, at 14.) Again, the complaint is devoid of any factual basis and the defendant is unable to determine the grounds for the complaint. Plaintiff does not even aver that an assessment was made. Nor is it known if he is alleging that notice was never given, or if it was late. Assuming that the notice was timely given, it cannot be ascertained from the complaint whether plaintiff is alleging that the notice failed to demand payment or misstated the amount. Again, plaintiff fails to provide any factual information to form a basis for his complaint.

Third, in count 30, plaintiff alleges that the Internal Revenue Service engaged in abusive or oppressive conduct while collecting unpaid taxes. (Am. Compl., count 30, at 15.) 26 U. S. C. 6304(b) states that "[t]he Secretary may not engage in any conduct the

---

[2] Contrary to what is stated in the amended complaint, neither § 6301 nor 112 Stat. 758 (1998) requires "a certification that the employee has (1) reviewed the taxpayer's information; (2) verified that a balance is due; and (3) affirmed that the action . . . is appropriate." (Am. Compl. at 10-11). The statute states only that "the review process under subsection (a)(1) *may* include [such certification]" 112 Stat. 758 (a)(1) (emphasis added).

natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." However, plaintiff merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute. *See Wesselman v. United States*, 2007 WL 2332321 (D.D.C. 2007) (merely parroting the language of §6304(b) insufficient to survive motion to dismiss).

Fourth, plaintiff alleges that employees of the Internal Revenue Service failed to hold a hearing "in conjunction with" § 6330. (Am. Compl., count 31, at 15.) Section 6330 requires that a before a levy is made, notice be given at least 30 days in advance. 26 U.S.C. § 6330. The notice must inform a person that they can request a hearing during the 30-day period between notice and the levy. *Id.* But a hearing is *not* required under any subsection of § 6330, as the complaint implies, unless one has been requested. *Id.* Plaintiff fails to state if he received notice of a levy, if the notice contained information about his right to request a hearing, or if he did in fact request a hearing. There are simply no facts in the complaint to give defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47.

Fifth, plaintiff alleges that Internal Revenue Service employees asserted a lien without giving proper notice and without making demand. (Am. Compl., count 32, at 15-16.) The plaintiffs again make a bare assertion devoid of factual support. The Court cannot determine what lien, if any, the plaintiffs are asserting was made, for which

period the lien was asserted, whether a notice of a federal tax lien was filed, how the notice was allegedly deficient, or any other fact which would entitle plaintiffs to relief.

Sixth, plaintiff alleges that Internal Revenue Service employees asserted liens for which no assessment was made in accordance with Internal Revenue Code § 6203 and Federal Tax Regulation 301.6203-1. (Am. Compl., count 35, at 16.) The complaint does not state what liens, if any, were made; for which period(s) the liens were asserted; and whether plaintiff claims there was no assessments made or whether the assessments somehow ran afoul of § 6203. If the latter, the complaint does not state how the assessments allegedly were made contrary to § 6203.[3]

Seventh, plaintiff alleges that Internal Revenue Service employees "failed to certify notice(s) of lien(s)." (Am. Compl., count 36, at 16-17.) The defendant cannot determine what lien(s), if any, the plaintiff is referring to, for which period the lien(s) was asserted, or any other fact which would entitle plaintiff to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any factual information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim upon which relief can be granted, and the Court should render judgment in favor of the defendant.

---

[3] And if this is his intention, then the allegation is not one concerning collection, and hence, not remediable under section 7433.

CONCLUSION

Plaintiff's claims that do not allege collection activities have been dismissed for lack of jurisdiction. The seven allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under § 7433. Thus, judgment should be rendered in favor of the defendant.

DATE: January 15, 2008                                            Respectfully, submitted,


/s/Duston K. Barton
DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel.: 202-514-9961
Email: Duston.Barton@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney