IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

Kenneth D. Guthery,            No. 1:06-cv-00176-EGS

    Plaintiff,

v.

UNITED STATES,

    Defendant.

RECEIVED
JAN 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### REPLY TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

#### INTRODUCTION

The UNITED STATES, through counsel, has filed a motion for judgment on the pleadings. Defendant's motion is without merit, contrary to the Federal Rules of Civil Procedure 8(a), and should be denied.

#### ARGUMENT

DEFENDANT MISSTATES THE "NOTICE PLEADING" STANDARD DERIVED FROM FED. R. CIV. P. 8(a)

In its motion for judgment on the pleadings, Defendant erroneously argues that Plaintiff has failed to comply with the pleading requirements of Fed. R. Civ. P. 8(a) and thus has failed to state a claim upon which relief can be granted. The heightened standard Defendant urges the Court to adopt is contrary to the Federal Rules and is not supported by controlling authorities. Further, owing to the fact that I am proceeding *Pro se*, my pleadings are to be held to a *less* stringent standard and are to liberally construed in my favor.

## QUESTION PRESENTED

Is Defendant asking the Court to impose a "heightened pleading standard" in an effort to mislead the Court to conclude that I have failed to state a claim upon which relief can be granted?

## DISCUSSION

Plaintiff asserts that every provision of the Internal Revenue Code, and every tax regulation implementing a Code provision, is "in connection with...collection." Clearly, as a matter of law, "collection" is the sole purpose of the Act of August 16, 1954, its predecessors and successors. However, in attacking certain counts that defendant admits are cognizable under TBOR, defendant asserts that, "Each of the remaining seven counts, discussed individually below, must fail because they do not comply with the pleading requirements of Fed. R. Civ. P. 8(a)." (Def's Mem. Pg. 3)

However, defendant immediately thereafter, acknowledges (citing *Conley v. Gibson* 355 U.S. 41, 47 (1957)) that:

> "The complaint need not contain "detailed factual allegations," but it must contain sufficient factual allegations to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests.""

I assert that my Amended Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S.41, and modified in *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007), in that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

2

## DEFENDANT'S "FAILURE TO STATE A CLAIM" ARGUMENT

Defendant's argument that my amended complaint fails to state a claim upon which relief can be granted is fatally flawed and unsustainable. Indeed, said argument relies entirely upon Defendant's absurd request that the Court hold this *Pro se* litigant to an unprecedented heightened pleading standard. Accordingly, Defendant's "failure to state a claim" argument must fail.

Defendant's intentional misrepresentation of the pleading standard set forth in Fed. R. Civ. P. 8(a) has an unwarranted detrimental effect(s) on the instant action and this Plaintiff, the least of which is that the Defendant has needlessly increased the cost(s) of this litigation. To the extent that it asserts "failure to state a claim", Defendant's argument is nothing more than an attempt to have the Court to impose an even stronger "heightened pleading standard", considerably higher than *Bell Atl. Corp. v. Twombly,*'s modification of *Conley v. Gibson*, 355 U.S. 41.

Defendant's lengthy Memorandum (dubiously) in Support of its motion has certainly shown that my Amended Complaint "gives the defendant fair notice of the claim" contained therein, as described in Fed. R. Civ. P. 8(a), and of "the grounds upon which it rests." Even if defendant's assertion is found to have a basis, as a *Pro se* litigant, my pleadings should be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and I should be granted leave to further amend to cure the asserted defect.

// //

// //

// //

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an ORDER denying the United States' motion in its entirety. Further, Plaintiff requests that the Court order a Scheduling Conference to establish the scope and time-lines for discovery.

January 25, 2008

Respectfully submitted,

_____
Kenneth D. Guthery

CERTIFICATE OF SERVICE

It is certified that a true and complete copy of the forgoing REPLY TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS was served upon the following by First Class Mail, postage paid, on January 25, 2008.

DUSTON K. BARTON
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044

By: _____
Kenneth D. Guthery