**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                 )
KENNETH D. GUTHERY,              )
                                 )
            Plaintiff,           )
                                 )
       v.                        )    Civil Action No. 06-176 (EGS)
                                 )
UNITED STATES,                   )
                                 )
            Defendant.           )
_____)
```

**MEMORANDUM OPINION**

This case is similar in many respects to a number of cases
filed in this Court by individuals around the country seeking
damages for alleged misconduct by the Internal Revenue Service
("IRS") in collecting taxes.  In this case, like many cases in
this Court before it, Plaintiff asserts that this Court has
jurisdiction over plaintiff's claim for damages pursuant to the
Taxpayer Bill of Rights ("TBOR"), *see* 26 U.S.C. § 7433.
Plaintiff's initial complaint also alleged claims under the
Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704-706; the
All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. §
1361; and 28 U.S.C. § 1331 with respect to unspecified sections
of the Federal Records Act, the National Archives Act, the
Freedom of Information Act ("FOIA"), and the Privacy Act, but
this Court dismissed those claims for lack of subject matter
jurisdiction.  *See Guthery v. U.S.*, 507 F. Supp. 2d 111, 117
(D.D.C. 2007).  In that Order, the Court also directed Plaintiff
to re-serve his complaint upon defendant, which he has done.

Defendant has now moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiff's complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).  The Court agrees, and therefore **GRANTS** Defendant's Motion for Judgment in favor of Defendant.

## I.    BACKGROUND

Plaintiff filed an Amended Complaint on September 5, 2006 alleging that the "IRS disregarded and continues to disregard certain sections of the Internal Revenue Code while engaged in collection activity regarding plaintiff."  Am. Compl. at 1 n.1. Plaintiff enumerated 39 counts of alleged IRS misconduct in his Amended Complaint and the Court dismissed all but those pertaining to alleged violations of law in the collection of taxes under 26 U.S.C. § 7433.  These counts are nearly identical to numerous other complaints filed pursuant to the TBOR by other individuals.  Unlike other cases brought in this Court, Plaintiff alleged that he exhausted his administrative remedies by sending a Verified Administrative Claim for Damages to the local IRS office in Jacksonville, Florida, as required by 26 U.S.C. § 7433. See Compl. p. 5.  Defendant does not dispute Plaintiff's contentions that he filed an administrative claim with the proper office in Florida and that more than six months have passed since the filing of his administrative claim without a response from the IRS.  However, Defendant claims that Plaintiff's complaint

2

must be dismissed because Plaintiff has failed to allege any facts in support of his claims.

## II.  STANDARD OF REVIEW

Defendant has moved for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Defendant argues that judgment should be granted in its favor because the complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and thus fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Judgment on the pleadings is appropriate under Federal Rule of Civil Procedure 12(c) "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Fed. R. Civ. P. 12(c). The legal standard in Rule 12(c) is similar to the standard for motions under Rule 12(b) that facially challenge the sufficiency of the pleadings. *See Fay v. Perles*, 484 F. Supp. 2d 12, 14 (D.D.C. 2007)(citing *Schuchart v. La Taberna Del Alabardero, Inc.*, 365 F.3d 33, 35 (D.C. Cir. 2004)).  Consequently, in evaluating a judgment on the pleadings, a court should "accept as true the allegations in the opponent's pleadings" and "accord the benefit of all reasonable inferences to the non-moving party." *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n.11 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006).  However, a court "need not accept inferences drawn by [a plaintiff] if such inferences are unsupported by the

facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, *Inc.*, 16 F.3d 1271, 1275 (D.C. Cir. 1994). Moreover, this pleading standard applies only to factual allegations and does not apply to "legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1275; *see also Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 59 (D.D.C. 2007). Accordingly, the allegations must be "neither vague nor conclusory" and must "cover all the elements that comprise the theory for relief." *ASA Accugrade, Inc. v. Am. Numismatic Ass'n*, 370 F. Supp. 2d 213, 215 (D.D.C. 2005) (quoting *Dickson v. Microsoft Corp.*, 309 F.3d 193, 201-02 (4th Cir. 2002)).

Plaintiff is proceeding *pro se.* The pleadings of *pro se* parties "[are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(internal quotation marks and citations omitted). Nonetheless, "[a]lthough a court will read *a pro se* plaintiff's complaint liberally, a *pro se* complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 665 F.2d 1305, 1308 (D.C. Cir. 1981)); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating that the Supreme Court "[has] never suggested

that procedural rules in ordinary civil litigation should be interpreted as to [wholly] excuse mistakes by those who proceed without counsel") (footnote omitted).

## III. DISCUSSION

It is a fundamental tenet of jurisprudence that a sovereign cannot be sued without its consent. *See, e.g., Block v. North Dakota*, 461 U.S. 273 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Congress effected a limited waiver of the IRS's sovereign immunity in 26 U.S.C. § 7433, which allows suits for damages if the IRS or its agents have intentionally, recklessly, or negligently disregarded any provision of the Code in connection with any collection of Federal tax. *Buaiz v. United States*, 471 F. Supp. 2d 129, 135 (D.D.C. 2007) (internal quotations omitted). Courts have narrowly construed the "collection" activity element of Section 7433. *Id.; see also Jaeger v. U.S. Government*, 524 F. Supp. 2d 60, 64 (D.D.C. 2007) ("Section 7433 does not provide a cause of action for wrongful tax assessment, the absence of a tax assessment, or other actions not related to the collection of income tax."). Accordingly, the only claims currently before the Court are those that arguably relate to the *collection* of taxes. *See Guthery*, 507 F. Supp. 2d at 117 (dismissing all other claims not related to collection).

These claims are set forth in Counts 19, 27, 30, 31, 32, 35, and 36 of Plaintiff's Complaint.

Defendant moves for judgment in its favor on the above claims on the grounds that Plaintiff's complaint fails to comport with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Defendant argues that Plaintiff's complaint is wholly devoid of factual allegations, merely parrots the statutory language and makes conclusory allegations that the IRS has violated the quoted statute.  Def.'s Mot. at 4.  The Court agrees and finds that the complaint does not contain sufficient factual allegations to give the defendant fair notice of the claim and raise the right to relief above the speculative level. *See Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955 (2007).

Plaintiff puts forth no factual basis for any of the seven counts that arguably relate to the collection of taxes.  First, in Count 19, Plaintiff alleges that the IRS disregarded § 6301 of the Internal Revenue Code by failing to implement and develop procedures that 1) ensure that supervisors review an employee's determination to file liens and levies; 2) provide for disciplinary action when those procedures are not followed; and 3) certify that the employee has (a) reviewed the taxpayer's

information, (b) verified that a balance is due, and (c) affirmed that the action taken is appropriate given the taxpayer's circumstances. *See* Def.'s Mot. at 4-5 (citing Am. Compl., Count 19, at 11-12).  Plaintiff quotes the statute but provides no factual basis for his allegation that it was violated.

In Count 27, the complaint alleges that the IRS "failed to within 60 days after the making of an assessment... give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof."  Am. Compl., Count 27, p. 14. Plaintiff fails to allege that an assessment was ever made. Without even the most basic facts supporting this boilerplate allegation, this Count must be dismissed.  Similarly, in Count 30, Plaintiff alleges that the IRS "engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."  *Id.* at 15.  Again, this allegation merely recites the statutory prohibition on such conduct found in 26 U.S.C. 6304(b) and provides no factual allegations in support of this claim.  *See Wesselman v. U.S.*, 501 F. Supp. 2d 98, 102 (D.D.C. 2007) (merely parroting the language of § 6304(b) insufficient to survive motion do dismiss).

In Count 31, Plaintiff alleges that employees of the Internal Revenue Service failed to hold a hearing in conjunction with § 6330.  Am. Compl., Count 31, p. 15.  However, Plaintiff

7

does not allege that he properly requested a hearing as required by the statute.  *See Wesselman*, 501 F. Supp. 2d at 102 (dismissing identically worded count for failure to allege that a hearing had been requested).  In Counts 32 and 35, Plaintiff alleges that Defendant improperly asserted "liens" without giving proper notice or making required assessments, but Plaintiff provides absolutely no information from which the Court can discern what liens are at issue, for what period of time any such liens were asserted, or whether Plaintiff's claim is that no assessments were made at all or that if they were made, those assessments were somehow improper under § 6203.  *See* Def.'s Mot. at 6-7.  Finally, Count 36 avers that the IRS "failed to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Florida."  Am. Compl., Count 36, p. 17.  This exact count was also dismissed in *Wesselman* for failure to state a claim.  501 F. Supp. 2d at 103 n. 7.  Not only does the count fail to assert a lien was ever imposed, but as the *Wesselman* court held, the form and content of a notice of federal tax lien are controlled by federal, not state law.  *Id.*  In short, there are no facts stated in the surviving counts of the complaint that could entitle Plaintiff to relief.

## III. CONCLUSION

For the reasons articulated herein, Defendant's Motion for Judgment on the Pleadings is **GRANTED** in favor of Defendant and this case is dismissed.  An appropriate Order accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **June 26, 2008**